**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

|  |  |
|---|---|
| **SANGWON HAN,** | ) |
| | ) |
| **Plaintiff,** | ) **CASE NO. : 25-CV-00305** |
| | ) |
| **v.** | ) |
| | ) |
| **KENDO, LLC and KENNETH HONG,** | ) |
| | ) |
| **Defendants.** | ) |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Local Rule 16.2 of the United States District Court for the Northern District of Georgia, Plaintiff Sangwon Han and Defendants Kendo, LLC and Kenneth Hong (hereinafter collectively "Defendants"), hereby submit their Joint Preliminary Report and Discovery Plan.

1.    **Description of Case:**

(a)    Describe briefly the nature of this action.

**Plaintiff alleges that Defendants unlawfully failed to pay Plaintiff minimum wages during Plaintiff's employment with Defendants in violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 et seq.). Also, Plaintiff seeks civil damages U.S.C. § 7434, State Breach of Contract, State Bad Check, and State Fraud claims.**

**Defendants deny Plaintiffs' allegations and in particular deny that Plaintiff was an employee protected by the minimum wage provisions of the FLSA and deny that Plaintiff has stated causes of action for fraud under the Internal Revenue Code ("IRC") or Georgia law; allege that Plaintiff unlawfully converted Defendants' property; and seek recovery of the value of same in addition to the costs of this action under Rule 54 of the Federal Rules of Civil Procedure and attorney fees for Plaintiff's having brought this lawsuit in bad faith.**

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**<u>Plaintiff</u>: Plaintiff states that Plaintiff was employed by Defendants as a sales/account manager. Then later, he became an independent contractor, earning commissions based on the contract between Plaintiff and Defendants. Plaintiff alleges that Defendant failed to pay agreed wages, including issuing bad checks, resulting in violation of the FLSA's minimum wage provision and other state and federal laws.**

**<u>Defendants</u>: At all times, Plaintiff was an independent contractor, was in privity with a third party non-defendant, known as "Kezon," who had the primary duties and compensation arrangement characteristic of an outside**

2

**salesperson not subject to the protection of the FLSA. Plaintiff accepted and deposited on June 10, 2025 checks totaling $12,007.04 in accord and satisfaction of his claims for unpaid wages. During his employment, Plaintiff unlawfully converted $14,206.24 worth of inventory from Defendant Kendo. By providing this factual summary, Plaintiff and Defendants do not thereby adopt or admit any of the statements or allegations of the other.**

  (c)  The legal issues to be tried are as follows:

    1)  **Whether each Defendant was Plaintiff's "employer" within the context of the FLSA and was subject to the FLSA;**

    2)  **Whether Plaintiff was an "employee" of any Defendant within the meaning of the FLSA;**

    3)  **Whether Plaintiff was exempt from the minimum wage protections of the FLSA;**

    4)  **Whether a contract existed between Plaintiff and any of the Defendants and, if so, what its terms were and what Plaintiff was paid according to those terms;**

    5)  **Whether any Defendant violated the minimum wage provisions of the FLSA;**

6) **Whether any Defendant willfully violated the minimum wage provisions of the FLSA;**

7) **To the extent any Defendant violated the minimum wage provisions of the FLSA, whether they did so in good faith;**

8) **Whether Plaintiff is entitled to actual damages, liquidated damages and/or attorney's fees and costs of this action as a result of any unlawful actions by Defendants, and if so, what is the amount of each element of damage, taking into account any offsets permitted by law;**

9) **Whether, and if so to what extent, Plaintiff's recovery under the FLSA is subject to recoupment or setoff due to Plaintiff's faithlessness and unclean hands;**

10) **Whether each individual Defendant is jointly and severally liable for any damage awarded in favor of Plaintiff;**

11) **Whether Defendants breached the State law claims as alleged in Plaintiff's Complaint;**

12) **Whether Defendant fraudulently filed information returns; AND**

**13)    Whether Plaintiff's claims are barred or limited as alleged in Defendants' affirmative defenses.**

**The Parties reserve the right to raise additional legal issues as this case develops and proceeds.**

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases: **None.**

(2)    Previously Adjudicated Related Cases: **None.**

2.    This case is complex because it possesses one or more of the features listed below.

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_x\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3.    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:     **Brian G. Kim, Esq.**
        **BRIAN KIM, PC**
        **1815 Satellite Boulevard**
        **#403**
        **Duluth, GA 30097**
        **(678) 878-4200 (telephone)**
        **Brian@briankimpc.com**

Defendants: **Aaron B. Schweitzer, Esq.**
        **Troy Law, PLLC**
        **41-25 Kissena Boulevard**
        **Suite 110**
        **Flushing, NY 11355**
        **(718) 762-1324 (telephone)**
        **troylaw@troypllc.com**

4.    **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_\_\_ Yes   \_\_x\_\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined: **the person identified as "Defendant Kezon" at ¶¶ 48, 49 of the Complaint.**

(b)     The following persons are improperly joined as parties: **none.**

**(c)**     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **none known at this time.**

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)    *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state

the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**The parties have agreed to serve their respective initial disclosures by February 12, 2026.**

9.      **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Neither party requests a scheduling conference at this time, but may do so if necessary to address the Parties' joint request for an extended discovery period, or if otherwise needed in the future.**

10.     **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) month discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to

which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Discovery will be needed on Plaintiff's claims, Defendants' defenses, and Plaintiff's claimed damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The Parties respectfully request a six-month discovery period in this case due to the fact that the Parties may need interpreters and translators during discovery as this action involves parties who speak a foreign language and may involve documents in a foreign language.**

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b) Is any party seeking discovery of electronically stored information?

10

___x___ Yes    _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense. Additionally, the parties agree to cooperate with one another in an attempt to agree on the scope of electronic discovery, such as the custodians from whom electronic discovery is sought, the searches to be run on those custodian's accounts, etc.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties agree to exchange electronic discovery in searchable PDFs. The receiving party, after receipt and review of the .pdf format production, may at any time request and shall promptly receive production of ESI in native format at any time during the discovery period without having to serve a formal discovery request seeking production in native format, subject to a**

**party's right to seek protection against any such request that is unduly burdensome or otherwise unreasonable. Neither party shall be required to produce metadata with the first production, and shall only be required to do so if requested. If metadata is requested for specific materials, the parties shall cooperatively discuss the scope of the metadata production (e.g., which fields of metadata will be produced) and attempt to reach an agreement. If advanced search methodologies become necessary, the parties agree to confer in an attempt to reach agreement regarding the method of culling voluminous materials.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The Parties anticipate that a Consent Protective Order may be necessary to govern the production of confidential, proprietary, and/or personal information of parties and non-parties during discovery.**

**13.    Settlement Potential:**

(a)    Lead counsel for the defendant and plaintiff certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 10, 2017, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):    */s/ Brian G. Kim*

Other participants:

For defendant: Lead counsel (signature):    */s/ Aaron B. Schweitzer*

Other participants:

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(      )    A possibility of settlement before discovery.

(  x  )    A possibility of settlement after discovery.

(      )    A possibility of settlement, but a conference with the judge is needed.

(      )    No possibility of settlement.

(c)    Counsel (X) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference **has not yet been determined**.

13

(d)    The following specific problems have created a hindrance to settlement of this case.

**None at this time.**

14.    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2026.

(b)    The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 3rd day of February, 2026,

|  |  |
|---|---|
| Plaintiff's Counsel: | **Brian G. Kim, Esq.**<br>**BRIAN KIM, PC**<br>**1815 Satellite Boulevard**<br>**#403**<br>**Duluth, GA 30097**<br>**(678) 878-4200 (telephone)**<br>**Brian@briankimpc.com** |
| Defendant's Counsel: | **Aaron B. Schweitzer, Esq.**<br>**Troy Law, PLLC**<br>**41-25 Kissena Boulevard**<br>**Suite 110** |

14

15

**Flushing, NY 11355**
**(718) 762-1324 (telephone)**
**troylaw@troypllc.com**

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____.

IT IS SO ORDERED, this \_\_\_\_\_ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE